**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 06-4132**

———————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

FLORENCE MARIE JOHNSON,

Defendant - Appellant.

———————

Appeal from the United States District Court for the Southern District of West Virginia, at Charleston.  Joseph Robert Goodwin, District Judge.  (2:05-cr-00118-2)

———————

Submitted: August 23, 2006      Decided:  September 1, 2006

———————

Before WILLIAMS, MOTZ, and KING, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

Ann L. Ballard, BALLARD LAW OFFICE, Morgantown, West Virginia, for Appellant.  Charles T. Miller, United States Attorney, W. Chad Noel, Assistant United States Attorney, Charleston, West Virginia, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Florence Marie Johnson appeals her 120-month sentence imposed following her guilty plea for conspiracy to distribute five grams or more of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and 846 (2000). Based on a prior felony drug conviction, Johnson received the statutory minimum sentence. See 21 U.S.C. §§ 841(b)(1)(B) and 851 (2000). Finding no error, we affirm.

Johnson claims the district court could have used its discretionary power to lower the term of imprisonment, as she is the mother of two young children who will be living with her mother while she is incarcerated. However, United States v. Booker, 543 U.S. 220 (2005), did not alter the general rule that judges cannot depart below a statutorily provided minimum sentence. "[A] district court has no discretion to impose a sentence outside of the statutory range established by Congress for the offense of conviction." United States v. Robinson, 404 F.3d 850, 862 (4th Cir.), cert. denied, 126 S. Ct. 288 (2005).

While a prerequisite for the mandatory minimum was a finding that Johnson committed a prior drug felony, Booker does not preclude proper judicial determination of prior convictions. See United States v. Cheek, 415 F.3d 349, 352-53 (4th Cir.), cert. denied, 126 S. Ct. 640 (2005). The district court thus did not err

in applying the mandatory minimum sentence required by § 841(b)(1)(B).

Accordingly, we affirm the sentence imposed by the district court.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED